## CAPE GIRARDEAU & CHESTER RAILROAD COMPANY v. LOUIS BLECHLE, Appellant.

### Division Two, May 23, 1911.

1. CONDEMNATION: Damages to Other Lands. In the trial of the question of damages to defendant's lands caused by the construction of a railroad through them, testimony of a witness that he owned land similar to defendant's in the same general neighborhood, and that it had been injured by the building of a railroad through the same a few years previously, is not competent.

2. ————: Expert Witness. Witnesses who state they are acquainted with defendant's land and know its value are qualified as experts on the question of value in the condemnation case.

3. ———: **Special Benefits: No Evidence: Instruction.** Where there was some substantial evidence of special benefits to defendant's land other than the general benefits common to other lands in the neighborhood, the court does not err in refusing an instruction asked by defendant telling the jury that there is no evidence of special benefits and directing them not to take into consideration any benefits in estimating his damages. And testimony that the railroad has added to the value of defendant's land for building purposes because of its proximity to the town, that there is an increase of value in his land for town-lot purposes, and that the railroad has a regular stopping place on the public road which runs along the land and that it is a proper place for a station, though no station is yet there, is evidence of special benefits, and authorizes an instruction directing the jury to deduct the value of the special benefits from the amount of special damages.

4. ———: **Liability of Injury to Persons or Animals.** An instruction telling the jury that they should not allow any damages because of liability of injury to persons or stock by reason of the construction and operation of the railroad, where there is no evidence whatever of any peculiar danger of the kind, is not of itself objectionable. The jury cannot allow damages for occurrences which may never happen. If defendant wished to have the jury take into consideration any depreciation in the present value of the land due to a peculiar danger to his property by reason of risks to persons and animals, he should present evidence to the jury of such peculiar danger or risks and ask an appropriate instruction on the subject.

5. ———: **Right to Open and Close: Reversible Error.** After exceptions have been filed to the report of the commissioners by either party in a condemnation proceeding, the issue becomes one of the amount of damages, and the land-owner (the defendant) has the right to open and close the case, both in the presentation of evidence and in the argument to the jury. But the matter is within the discretion of the court, and in the absence of any showing of injury to the defendant the denial of that right to him does not constitute reversible error.

Appeal from St. Francois Circuit Court.—*Hon. Charles A. Killian,* Judge.

A.FFIRMED.

*John V. Noell* for appellant.

(1)   The testimony of Popp, that he owned land in the same general neighborhood with defendant's land, and similar to it in its availability for town or residence lots, and that its availability for said purpose was destroyed by the building of the Chester, Perryville and Ste. Genevieve Railroad through the same a few years before, was competent and relevant evidence and should not have been stricken out by the court on plaintiff's motion.   In re Establishment of Boulevard, 127 Mo. 417; Railroad v. Brick Co., 198 Mo. 698.   Collateral facts and circumstances tending to prove a fact in issue are always admissible.   Longree v. Mfg. Co., 120 Mo. App. 494; Duerst v. St. Louis Stamping Co., 163 Mo. 622; Golden v. Railroad, 84 Mo. App. 59; Budd et al. v. Hoffheimer, 52 Mo. 305.   (2) The witnesses, Layton, Anderson and Hazelbud, offered by plaintiff, were incompetent to express an opinion on the market value of defendant's land and the amount of his damages.   Neither of these witnesses knew anything about the market value of land in the neighborhood of defendant's land.   Railroad v. Brick Co., 198 Mo. 698; Campbell v. Railroad, 175 Mo. 177; Fountain v. Railroad, 114 Mo. App. 681.   (3) There was no evidence in the case on which to base instruction 2, given by the court at the request of plaintiff; but the giving of the same tended to mislead the jury into the erroneous opinion that they should take into consideration benefits to defendant's land by way of reducing his damages.   The giving of an instruction with no evidence on which to base it, has repeatedly been condemned by this court.   Doyle v. Railroad, 113 Mo. 290; Wilkerson v. Eilers, 114 Mo. 253; State v. Tice, 90 Mo. 112.   (4)   The court should have given instruction 5 asked by defendant.   There was no evidence in the cause of any special or peculiar benefit to defendant's land from the building of plaintiff's

railroad, and the jury should have been plainly told
so by the court. Champagne v. Hamey, 189 Mo. 729;
Gilpin v. Railroad, 197 Mo. 325; Warner v. Railroad,
178 Mo. 125; Furber v. Bolt & Nut Co., 185 Mo. 301.
(5) If the liability of persons and stock to being killed
or injured in consequence of the building and opera-
tion of plaintiff's railroad depreciated the market
value of defendant's land, then such liability could
and should have been taken into consideration, in so
far as it affected such market value.  Under instruc-
tion 8 the jury could not in any event take such lia-
bility to being killed or injured into consideration.
Railroad v. Mendonsa, 193 Mo. 525; Railroad v. Brick
Co., 198 Mo. 713.  (6) The only benefits which the
law allows the jury to take into consideration by way
of reduction of damages in a condemnation proceed-
ing are those which are peculiar to the lands of the
defendant in the suit, and are not shared in common
with the lands of other persons in the neighborhood
not taken by the plaintiff.  General benefits common
to all of the lands in the neighborhood, such as a gen-
eral rise in the market value of all the lands in the
vicinity, are not to be considered by the jury in assess-
ing damages.  Bridge Co. v. Ring, 58 Mo. 491; Spencer
v. Railroad, 120 Mo. 154; Daugherty v. Brown, 91 Mo.
26; Railroad v. Mendonsa, 193 Mo. 529.  (7)  The
opinions given by Layton and Tucker, that if a depot
were located on defendant's land it would confer spec-
ial benefits on the same, were not a sufficient basis
on which to found an instruction authorizing the jury
to consider special benefits.  These witnesses testified
to no fact or circumstance tending to show that a de-
pot on defendant's land was ever contemplated, much
less located.  On the contrary, they both admitted that
no land for depot purposes had been bought or ne-
gotiated for in the vicinity of defendant's land.  Hook
v. Railroad, 133 Mo. 321; Hickman v. Kansas City, 120
Mo. 110.  (8)  The party upon whom rests the burden

of proof, or who holds the laboring oar, is entitled to the open and close of the case before the jury. In this case there was but one issue, namely, the amount of defendant's damage. On this issue the defendant held the affirmative, and the burden of proof was upon him to establish his damages. The right to open and close was a vital and important right, and the denial to defendant of that right by the trial court was undoubtedly an abuse of discretion and reversible error. Grant Quarry Co. v. Construction Co., 72 Mo. App. 534; Railroad v. North, 31 Mo. App. 349; Porter v. Jones, 52 Mo. 403; Railroad v. Donovan, 149 Mo. 101; Bank v. Metcalf, 29 Mo. App. 396; Bates v. Forcht, 89 Mo. 128; 1 Greenl. Ev. (Redf. Ed.), sec. 74.

*Edward A. Rozier* for respondent.

(1) The court ruled properly in refusing to permit the witness Popp to testify as to the effects the building of another railroad had upon some property belonging to the witness. It would be bringing in extraneous facts for the jury to pass upon. Railroad v. Stock Yards, 120 Mo. 551; Chamberlain v. Missouri Electric, 158 Mo. 1; Coale v. Railroad, 60 Mo. 227; Watson v. Columbia, 77 Mo. App. 267. (2) Layton, Anderson and Hazlebud all qualified as having knowledge of values of property adjoining land of defendant, were experienced business men, and therefore had a right to express an opinion as to the value of the land and the effect of the taking of the strip for railway purposes. Railroad v. Donovan, 149 Mo. 102; Railroad v. Stock Yards, 120 Mo. 550; Union Elevator v. Railroad, 135 Mo. 375; Railroad v. Calkins, 90 Mo. 538; Railroad v. DeLisa, 103 Mo. 125; Railroad v. Fowler, 113 Mo. 470. (3) There was ample testimony for the court to give the instructions as to benefits. Railroad v. Stout, 160 Mo. 412; Bridge Co. v. Ring, 58 Mo. 491; Railroad v. Waldo, 70 Mo. 629; Railroad v.

Story, 96 Mo. 611; Railroad v. Baker, 102 Mo. 553; Railroad v. Shoemaker, 160 Mo. 425. (4) Instruction 8 for plaintiff was in proper form and declared the law correctly. There was no evidence that the liability of persons and stock being killed would affect the market value of defendant's land. Railroad v. Brick Yard, 198 Mo. 698; Railroad v. Donovan, 149 Mo. 103; Railroad v. Shoemaker, 160 Mo. 433. (5) The court did not err in refusing to award defendant the right to open and close the case. Such matter is largely discretionary with the court, and no reasons having been given by defendant, the action of the court is not open for review. Railroad v. Donovan, 149 Mo. 93; Railroad v. North, 31 Mo. App. 345; Railroad v. Eby, 152 Mo. 606; Parsons v. Railroad, 94 Mo. 291; Holmes v. Braidwood, 82 Mo. 610.

FERRISS, J.—The plaintiff filed a petition in ordinary form, on November 8, 1905, to condemn a right of way through defendant's farm in Perry county. Commissioners were duly appointed by the court to view the land, and assessed defendant's damages at $1415. This sum was paid into court by the plaintiff, and was received by the defendant, and plaintiff took possession of the land for its railroad. Afterwards plaintiff filed written exceptions to the report of the commissioners, alleging that the amount awarded was excessive and demanding a trial by jury. Said trial was had, resulting in a verdict assessing the damages at $740. Defendant appeals.

The following instructions given for plaintiff are objected to:

"2. In estimating the damages in this case the jury should take into consideration the actual value of the strip of land sought to be condemned by plaintiff, and benefits, if any, and the disadvantages, if any, resulting to the remainder of the lands of defendant not taken by plaintiff, from the appropriation by plain-

tiff of the strip of land in question for the purpose of its said railroad. The benefits to be considered and allowed by the jury are the direct and peculiar benefits, if any, which result to the remainder of the lands of defendant not appropriated by plaintiff, not the general benefits which defendant derives, in common with other landowners in the vicinity, from the building of the road. Neither should the jury, in estimating the damages in this case, take into consideration such inconveniences and disadvantages to the defendant as are consequences of the lawful and proper use of the railroad, in so far as the same are common to the other landowners in the neighborhood, portions of whose land are not taken.

"8. The court instructs the jury that they are not authorized to allow any damages because of the liability, if any, to persons or any stock being injured or killed by reason of the construction and operation of plaintiff's railroad."

The following instruction offered by defendant was refused.

"5. As there is no evidence in this case proving, or tending to prove, that the lands of defendant derive any peculiar or special benefit from the location and building of plaintiff's railroad thereover, other than the general benefit common to other lands in the neighborhood not taken by plaintiff, the jury will not be authorized in estimating the damages in this case, to take into consideration, in diminution of defendant's damages, any benefits to his land."

Defendant filed no exceptions to the report of the commissioners. When the cause came on for trial before the jury the defendant demanded the right to open and close, both as to the introduction of testimony and argument of counsel, which was denied.

The assignments of error filed in this court will be considered in their order:

I.   Defendant offered to prove by a witness, one
Christopher Popp, that the witness owned land simi-
lar to defendant's, in the same general neighborhood,
and that its availability and value for residence lots
had been injured by the building of a railroad through
the same a few years previously.   Defendant also of-
fered to prove similar facts on cross-examination of
one of plaintiff's witnesses, S. S. Tucker.   The court
sustained objections to this testimony, and in this the
court was clearly right.   The witnesses were giving
their opinions as to the damages to defendant's land.
It was not competent for them to relate facts concern-
ing property situated elsewhere.   It does not follow
that similar results would ensue in the present situa-
tion.

II.   It is claimed that plaintiff's expert witnesses,
Layton, · Anderson. and Hazelbud, did not properly
qualify as witnesses on value.   The transcript of the
evidence shows in each case the witness stated that he
was acquainted with defendant's land, knew its value,
and was otherwise qualified.

III.   The third and fourth assignments of error
may be considered together.   The defendant complains
of instruction numbered 2 given for plaintiff, directing
the jury to take into consideration the special bene-
fits, if any, to defendant's land, and of the refusal of
the court to give instruction numbered 5 asked by de-
fendant, which told the jury that there was no evidence
of special benefits to defendant's land, other than the
general benefit common to other lands in the neighbor-
hood and directed the jury not to take into considera-
tion in estimating  defendant's damages any benefits
to his land.   The evidence as to said benefits to defend-
ant's land is slight, but there is some evidence of a
substantial character to the effect that there was some
benefit.   Witness Hazelbud testified, without objec-
tion, that the railroad had added to the value of de-

fendant's land for building purposes on account of its proximity to the town. Witness Tucker also, without objection, testified that there was an increase of value in the land of defendant for town-lot purposes. It also appeared in the evidence that the railroad had a regular stopping place on the public road which ran along defendant's land, but that there is no station there; but inasmuch as it is a regular stopping place, the witness assumed that it was a proper place for a station, and that the building of such station would add to the value of defendant's land.

We think the jury would be justified in taking these facts into consideration, and weighing them against the testimony of defendant's witnesses to the effect that the value of defendant's land would be injured. There was evidence tending to show that a point right at defendant's land was the only place for a permanent railroad station. Instruction numbered 2 was proper, and the court committed no error in refusing defendant's instruction numbered 5.

IV. Objection is made to instruction numbered 8 given for plaintiff, which told the jury that they should not allow any damages because of liability of injury to persons or stock by reason of the construction and operation of the railroad. We think this instruction was not objectionable, for two reasons: (a) There was no testimony whatever tending to show that there was any peculiar danger of this kind to defendant's land other than that incidental to any land through which the railroad might run. There was no testimony at all on this subject. This court has pointed out in several cases the distinction to be observed with regard to risk of danger from fire and injury to persons and animals. The jury cannot allow damages for occurrences which may never happen. It is to be presumed that the railroad will operate according to law, and the law makes provision for recovery against a

railroad for damages caused by fire, killing stock, etc. At the same time, where there is evidence of peculiar danger to defendant's property by reason of such risks, it is proper for the jury to take into consideration such risks as affecting the present value of the land.    [Railroad v. Continental Brick Co., 198 Mo. 698; Railroad Co. v. Mendonsa, 193 Mo. 518; Railroad v. McGrew, 104 Mo. 282.]    The instruction does not tell the jury that they may not take into consideration any depreciation in the value of the land by reason of apprehended injury to cattle or persons, but it does tell them that they are not authorized to give any damages because of such liability.  Strictly speaking, this is correct.  No damages should be allowed for injuries which might or might not happen.  If the defendant desired to have the jury take such risk into consideration in fixing the present value of the land, he should have asked for an instruction to that effect.  We are of the opinion that, under the evidence in this case, this instruction was, to say the least, harmless.

V.    Upon the return of the verdict of the jury assessing defendant's damages at $740, the court entered judgment that the plaintiff recover from the defendant the sum of $675, being the difference between the $1415 received by the defendant, as aforesaid, and the amount of damages awarded by the jury.

Section 2362, Revised Statutes 1909, provides for the appointment of commissioners upon the filing of the petition for condemnation and due notice thereof, to assess damages; that upon the report of such commissioners being filed, the railroad company shall pay the amount of damages so assessed to the clerk of the court, and on making such payment "it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid."

Section 2364 provides that, upon the filing of exceptions by either party, the court may order a new ap-

praisement to be made by a jury, "as in ordinary cases of injury of damages;" but that notwithstanding such exceptions, the company may proceed to construct its road, "and any subsequent proceedings shall only affect the amount of compensation to be allowed."

These statutes have been under construction by this court on numerous occasions, and some propositions of law material to the present case have been settled. It is the law that the payment of the money into court, upon the award of the commissioners, satisfies the requirements of section 21, article 2, of our Constitution, which provides that property shall not be taken without just compensation. [Railroad v. Aubuchon, 199 Mo. 352; Rothan v. Railroad, 113 Mo. 132; Railroad v. Moldenhauer, 130 Mo. App. 243.]

In a case such as this it is the duty of the court, and it is the universal practice, to sustain exceptions filed by either party, and order an inquiry of damages by a jury. The question now arises, what effect does the sustaining the exceptions have upon the situation? This question has been decided by this court. In State ex rel. v. Fort, 180 Mo. 97, this court decided that the sustaining of the exceptions vacated the award of the commissioners, wiped out all rights under it, and left matters in the same shape as if no such assessment had been made. This is also the conclusion in the case of Railway v. Roberts, 187 Mo. 309, where the court says that the jury in such case tries the question of damages *de novo*. We have then this situation when the cause comes on for trial before the jury: The award of the commissioners has been vacated, and it is as if no such award had ever been made; the case is to be tried *de novo*, and such trial is to be, in the language of section 2364, Revised Statutes 1909, "under the supervision of the court, as in ordinary cases of inquiry of damages." In such case, it would seem that the burden of proof is upon, and the right to open and

close belongs to, the one who claims damages. All other issues having been settled, the only question remaining to be determined is the amount of damages. If, when the case is called for trial before the jury, either party should put in no testimony, what would be the result? There is at the time no ascertainment of damages; that is to say, no damages have been established. Under the rule that the party is entitled to begin who would suffer defeat if no evidence should be given on either side, it is clear that the defendant, being such party, is entitled to open and close. The cases which have been decided in this court indicate that the practice in the circuit courts has not been uniform. In the case of Ry. Co. v. Knapp-Stout & Co., 160 Mo. 397, the defendant opened and closed in the trial before the jury; also in the case of Railroad v. Roberts, 187 Mo. 309. On the contrary in the Aubuchon case, above cited, the plaintiff opened and closed. In the case of Railroad v. Donovan, 149 Mo. 102, this court held that the defendant had the right to open and close, because he alone was insisting upon exceptions, and that upon him was the burden of proof to sustain the allegation of his exceptions. The phraseology of this decision would suggest that in the mind of the court the real point of attack before the jury was the award of the commissioners, but we are satisfied that the court did not intend to convey such impression. It has been held that the award of the commissioners cannot properly be read to the jury; that it would be as improper as to read the verdict of a former jury; also that "the only proper matter for the jury to consider or include in their verdict is the amount of damages the defendant is entitled to." [Railroad v. Roberts, supra.] So also in the case of Railroad v. Eby, 152 Mo. l. c. 610, where exceptions were filed by the defendant only, it was held that he had the right to open and close. We apprehend, however, that the right under consideration is not depend-

ent upon whether the exceptions are filed by the one party or the other. The general rule is that the right to open and close goes to the one on whom the burden of proof lies in the first instance. [Porter v. Jones, 52 Mo. 1. c. 403.] So it has been held that where there is no dispute as to the execution of a note sued on, but an affirmative defense is made, the opening and close belong to the defendant. [Bates v. Forcht, 89 Mo. 128; Grant Quarry Co. v. Construction Co., 72 Mo. App. 1. c. 534.] In Thompson on Trials, sec. 247, based upon an Illinois decision, the author lays down the proposition that the right to open and close in a case such as this goes to the petitioner. The Illinois case, however, is based on a constitution different from ours, and, therefore, we think is not in point. Under that Constitution, the land cannot be acquired without just compensation to be ascertained by a jury. Under our Constitution, the railroad acquires the land before the question of damages is submitted to the jury. Our decision must turn upon the question whether the point of attack in the trial before the jury is the assessment made by the commissioners, or whether it is the original question of the amount of damages which the landowner has sustained. If the former, then the burden of proof would be upon the plaintiff, the only exceptor. If the latter, the burden is upon the landowner. We think, inasmuch as the award of the commissioners is vacated, that it becomes before the jury simply an inquiry of damages, as if no award had ever been made, and that the burden is upon the landowner to establish his damages.

This brings us to the next question—whether the refusal of the court to permit defendant to open and close is prejudicial error. The defendant, of course, contends that he was seriously prejudiced by this action of the court. Plaintiff contends that the matter is within the discretion of the court, and that this case shows no abuse of such dis-

cretion. There was much testimony introduced on both sides on the question of damages. Several witnesses placed on the stand by the plaintiff testified that the damages were small, their estimates running from $50 to $800, whereas the witnesses for the defendant fixed the damages at from $1400 to $1500. If the defendant had the right to place his evidence before the jury first, and open and close the argument, was he injured by the denial of this right? Counsel for defendant cites several cases to establish the proposition that the right to open and close belongs to the party who has the laboring oar, which general proposition is clear enough. On the question whether the denial of that right is reversible error counsel cites cases from Massachusetts and New York which hold that it is error. He also cites 1 Thompson on Trials, section 226, to the effect that it is the law in England and most American jurisdictions that the deprivation of this right to open and close is substantial error. He seems to have overlooked the fact that the author, in a note to said section, states that such doctrine is not held in Missouri, but that the Missouri doctrine is that the denial of such right is reversible error only when it appears that injury or prejudice has resulted from such denial. That this court must be satisfied that injury resulted to the defendant because he was denied the right to open and close is established as the law of this State. There are many cases in this State which hold that the right to open and close goes to him who has the affirmative of the real issue in controversy, but we find no decision of this court reversing a case because of the failure to recognize this right. On the contrary, all the cases hold that this matter is within the discretion of the trial court, and that such discretion will not be reviewed unless it is apparent that it has been abused to the injury of the party complaining. [Harvey v. Heirs of Sullens, 56 Mo. 372; Farrell v. Brennan, 32 Mo. 328; Richard v.

Manhattan Life Ins. Co., 31 Mo. 1. c. 520; Coombs Co. v. Block, 130 Mo. 1. c. 683.] An Iowa statute provides that "the party having the burden of the issue shall have the opening and closing." Yet the Supreme Court of that State has held that, even under said statute, there must be shown a clear case of prejudice before the court will reverse for refusal to recognize this right. [Preston v. Walker, 26 Iowa, 205; Fountain v. West, 23 Iowa, 9.]

After a careful inspection of the record in this case, we are unable to find that the defendant was in any way injured by the ruling of the court. It is to be presumed that the jury did its duty, and decided the case according to the evidence and the instructions of the court. We are satisfied that, under the testimony, the verdict of the jury was fair to the defendant and that he was allowed all the damages which he had suffered. Our Statute of Jeofails, section 1850, Revised Statutes 1909, forbids this court to reverse a case for any error that does not affect the substantial rights of the adverse party. After a case has been fully and fairly tried, and such trial has resulted in a fair decision giving the parties substantial justice, this court will not reverse the case and protract litigation because of technical errors which do not affect the substantial merits of the case.

Let the judgment be affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.