STATE OF MISSOURI at the relation of the STATE HIGHWAY COMMISSION, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and ROBERT M. REYNOLDS, Judges of the Kansas City Court of Appeals. —102 S. W. (2d) 666.

Division One, March 17, 1937.

*Louis V. Stigall, Fielding P. Stapleton* and *Hal B. Hunt* for relator.

*Ernst & Williams* for respondents.

804

COLLET, J.—Certiorari to the Kansas City Court of Appeals. The opinion of the Court of Appeals is reported in State ex rel. State Highway Commission v. Lindley, 96 S. W. (2d) 1065. The cause was a condemnation case instituted by the State at the relation of the State Highway Commission for the purpose of acquiring right-of-way for a state highway. The facts stated by the Court of Appeals are incorporated herein by reference.

Seven grounds of conflict are assigned. We will consider the assignments in the order presented.

The opinion is said to be in conflict with State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S. W. (2d) 338, and State ex rel. State Highway Commission v. Duncan, 323 Mo. 339, 19 S. W. (2d) 465, in that it holds that it was error for the trial court to permit the witness Frank Morris to testify that there was no difference in the value of the defendant's farm before and after the construction of the highway, i. e., that the farm suffered no damage, without first stating what, in his opinion, the values before and after were. The Court of Appeals said:

"The objection should have been sustained; and the witness should have been required to have given his opinion as to the value before and the value after the highway was built instead of merely stating that, in his opinion, there was no difference in such values."

■ Although a conflict with a principle of law announced by this court is sufficient on certiorari (State ex rel. Lusk v. Ellison, 271 Mo. 463, 196 S. W. 1088), yet such a conflict must be called to this court's attention or the writ will be denied. It is also true that while we may be of the opinion that an expert witness, when qualified, may state the ultimate fact in the form of his conclusion, no such principle is announced in the cases cited, hence there is no conflict shown.

■ The opinion of the Court of Appeals in holding that it was improper to show, on cross-examination of the defendant, that he was instrumental in getting the road located where it was later constructed, that he gave the right-of-way for this highway in another instance and solicited others to give theirs, is said to conflict with the principle declared in Bragg v. Railway Co., 192 Mo. 331, 91 S. W. 527, State v. Donnington, 246 Mo. 343, 151 S. W. 975, and Johnson v. Quarles, 46 Mo. 423. The controversial issue in the case was the existence or nonexistence of net damages. The defendant was contending that the damages exceeded any special benefits, while the plaintiff was undertaking to prove that those benefits equaled or exceeded the damages. Under those circumstances plaintiff was entitled to show by cross-examination of the defendant that he had, by his conduct, recognized the existence of those benefits. Such evidence was not admissible to establish the existence of special benefits, but when defendant had taken a position asserting that the damages exceeded the benefits, plaintiff was entitled to show that the witness had theretofore occupied a contradictory position. If defendant was active in securing the location of the road by his farms when he knew that it was to cut through one of them, an implication which might properly be drawn from such fact is that he considered the benefits very substantial, hence it was not improper, after defendant had denied that he knew the road was to cut through his farm at the time he was promoting the location and construction of the highway,

to show by the witness Swenson that he was familiar with the proposed location of the road at that time. In this particular the opinion is in conflict with the general principles enunciated by this court in the cases cited as well as others not cited.

 The commissioners assessed the defendants' damages at $4100. Both plaintiff and defendants filed exceptions to that award. Upon a trial by jury there was a verdict for plaintiff, i. e., no damages were allowed defendants. The judgment entered upon that verdict found that the commissioners' award of $4100 had been paid into court for the use and benefit of the defendants and on motion of plaintiff judgment was entered against defendant for the $4100. The motion referred to alleged (in addition to the judgment findings above referred to) that a check for the amount of the commissioners' award "had been handed to the defendants by the circuit clerk." No evidence was offered on the motion and it was not shown whether the award had actually been paid to defendants. The Court of Appeals held that it was error under these circumstances to render judgment against defendants for the amount of the award. It is asserted that the conclusion reached by the Court of Appeals is in conflict with Railroad v. Clark, 119 Mo. 357, 24 S. W. 157; Cape Girardeau & C. Railroad Co. v. Bleechle, 234 Mo. 471, 137 S. W. 974, and St. Louis, Memphis & S. E. Ry. Co. v. Aubuchon, 199 Mo. 352, 97 S. W. 867.

The Clark case holds that the court has the power to enter a judgment in a condemnation proceeding against a landowner requiring him to refund if he *has been paid* more than the amount of the final judgment. Neither the Clark case nor the other cases cited hold that a judgment may be entered against the landowner for the difference between the jury's verdict and the commissioners' award in the absence of a showing that the defendant landowner actually received the amount of the award. The judgment in this case does not recite that defendants did receive the award and the opinion states that there was nothing in the record showing that they did. There is no conflict shown. However, it would be unnecessary and improper to remand the case for a new trial on the merits for such a defect in the judgment since the trial court could, upon direction, ascertain the facts and enter such judgment as the facts warranted. It does not appear that the Court of Appeals intended to remand the case for a new trial because of this error in the judgment, hence the opinion is not subject to relator's criticism.

 The Court of Appeals held that an instruction designated as Instruction No. 2, given for plaintiff, was misleading and prejudicial. The instruction is as follows:

"Instruction No. II. The court instructs the jury that in this case the burden of proving damages rests upon the defendants. Unless damages such as those defined in other instructions have been proved

by a preponderance or greater weight of the credible evidence none should be considered.''

The language of the opinion is as follows (96 S. W. (2d) 1072);

''The burden is upon the appellants to show damages by the evidence; and, of course, it follows that, if none are shown, then there are none to be considered by the jury. Where such are shown, however, the burden is upon the appellants to show that the same are in excess of special benefits, if any, that the jury may find from all of the evidence accrued to appellants' lands by the construction of the road and the position of their lands thereon or by reason of any other matter; but the burden is upon the respondent to show such special benefits, if any, and not upon the appellants. In view of the contention by respondent in this case that the damages to appellants' farm were fully or in part offset and compensated by special benefits which had accrued to it, we are of the opinion that the instruction is misleading and prejudicial and should not have been given. In a case of this character, the questions of both damages and special benefits are involved; and such questions are so related and interwoven that the two should be considered together. It is true that appellants might have asked the proper instruction and have obtained it, but such would not have cured the misleading and erroneous character of respondent's instruction.''

The conflict assigned is with our opinion in Railroad v. Bleechle, 234 Mo. 471, 137 S. W. 974. The Bleechle case held that the burden of proof was upon the landowner to establish his damages. It is readily apparent that the Court of Appeals did not express a rule of law contrary to that stated in the Bleechle case, but instead expressly asserted the same rule. The criticism made of the instruction in effect was that since damages and special benefits are so closely related and interwoven in cases of this character, an instruction like this which advises the jury as to the burden of proving damages alone without also referring to special benefits is misleading, in that the jury might understand that the instruction referred to *net* damages and therefore conclude that since the landowner was required to prove net damages the burden would be upon him to prove the absence of special benefits or to minimize them. The latter question was not involved or discussed in the Bleechle case, hence there can be no conflict therewith. Relator argues that it was defendants' duty to offer an instruction advising the jury that the burden was upon plaintiff to prove special benefits if they considered plaintiffs' Instruction 2 inadequate or misleading because of its failure to contain such a direction. The weakness of this position lies in the fact that the Court of Appeals goes on to say that the vice it finds in the instruction would not have been cured by the giving of a proper instruction for defendants. While we have the right, on certiorari, to consider conflicts not assigned (State ex rel. Vulgamott v. Trimble,

300 Mo. 92, 253 S. W. 1014), we do not have the right to substitute our opinion for that of the Court of Appeals in the absence of a conflict (State ex rel. Shaw Transfer Co. v. Trimble, 250 S. W. 396, State ex rel. American Packing Co. v. Reynolds, 287 Mo. 697, 230 S. W. 642), and hence, although we are of the opinion that the giving of an instruction for defendants which told the jury that the burden was on plaintiff to show special benefits would have cured any ambiguity or lack of direction in plaintiff's instruction yet, unless we have so held, we are not at liberty to overthrow the conclusion arrived at by the Courts of Appeals.

We are referred to the fact that the St. Louis Court of Appeals in State ex rel. v. Baumhoff, 93 S. W. (2d) 104, approved the identical instruction held to be erroneous by the Kansas City Court of Appeals in this case. It will be noticed that in the Baumhoff case the court was passing upon the contentions that the instruction improperly cast the burden of proving damages on the landowner. The impropriety charged in the Baumhoff case, and the one found to exist in this case, were substantially the same for this reason: In the Baumhoff case the landowner contended that the instruction erroneously placed the burden of proving damages on the defendant for the reason assigned in the case of Bennett v. Woody, 137 Mo. 377, 38 S. W. 972. The reason the burden of proof instruction was held bad in the Bennett case was because it placed the burden of showing that the damages exceeded the benefits on the landowner, when, as the court held, the burden of showing benefits was upon the condemnor. The effect of the holding in the Bennett case was that it was improper to place the burden of proving the absence of special benefits on the landowner. The Baumhoff case holds that the identical instruction here involved made no requirement relative to the proof of special benefits and hence was not subject to the criticism made of the burden of proof instruction in the Bennett case. But the Kansas City Court of Appeals in the case at bar holds in effect that the instruction is misleading because it permits the jury to assume that the burden is on the landowner to prove the absence of special benefits. Upon analysis the conflict between the two Courts of Appeals becomes apparent. But, although we are of the opinion that Instruction No. 2, when read in connection with plaintiff's instructions Nos. 1 and 3 in this case or in connection with plaintiff's Instruction 1 in the Baumhoff case, is not misleading or prejudicial, yet we are not at liberty to quash the record of the Kansas City Court of Appeals because of the conflict between the rulings of the Courts of Appeals. [State ex rel. Mann v. Trimble, 290 Mo. 661, 232 S. W. 100; State ex rel. Bush v. Sturgis, 281 Mo. 598, 221 S. W. 91.]

■ It is next contended that the following language of the opinion is in conflict with Railway v. Bleechle, supra:

"The same vice inheres in respondent's Instruction No. 5 as in Instruction No. 2.

"Moreover, such Instruction No. 5 assumes that the cause in suit is that of the appellants when, in fact, it is respondent's cause, wherein the respondent seeks to condemn appellants' land for right-of-way and to compensate appellants for the land taken and such damages, if any, as may accrue to their lands not taken in excess of special benefits, by reason of the construction of the road and its location thereon; and the burden of proof throughout rests upon the respondent. [Spencer v. Barlow, 319 Mo. 835, 5 S. W. (2d) 28.] It is true that the burden is upon appellants to show by the evidence damages in excess of such benefits, but the burden is upon the respondent to show by evidence the special benefits with which it seeks to offset appellants' damages. The instruction as worded is unfair to the appellants; is misleading under all of the facts in the record; and is calculated to lead the jury to believe that the burden is on appellants, not only to show the damages sustained by them, but also to make the showing as to the special benefits accruing. Such instruction should, upon a retrial, if given, be modified so as to conform to the requirements above noted set forth by Judge BLAND in the Malone Case."

The pertinent portion of Instruction No. 5 is as follows:

"Instruction No. V. The court instructs the jury that the burden of proof is upon the defendants to prove their case by a preponderance of the evidence.

"By the expressions 'burden of proof,' and 'preponderance of the evidence,' the court does not mean the greater number of witnesses who testified on either side in the case, but does mean the greater weight of the credible testimony."

Conflict is charged because, it is alleged, the opinion places the burden of proof on plaintiff-condemnor throughout the cause while Railroad v. Bleechle, supra, expressly places the burden of proving damages on the defendant-landowner. The criticism made of this instruction by the Court of Appeals rests upon the court's construction of the word "case." If the instruction be construed to mean that the burden of proving all of the elements of the entire case or "cause," as it is referred to in the opinion, is upon the landowner then of course it is erroneous for obvious reasons. But, if the instruction means that the defendant landowners have the burden of proving their damages, then for reasons equally obvious, it is correct. We are cited to no case where this court has construed this or a similar instruction. The statement of the court that: "the burden of proof throughout rests upon the respondent (condemnor), Spencer v. Barlow, 319 Mo. 835, 5 S. W. (2d) 28." must be construed in the light of the technical distinction made in Spencer v. Barlow between "burden of proof" and "burden of evidence," for it is evident from an exam-

ination of Spencer v. Barlow that the Court of Appeals did not intend to hold in the case at bar that the burden of proving damages was upon the condemnor. So construing the language of the opinion, there is no conflict shown.

■ It is further contended that the opinion holds that it was error for plaintiff to fail to instruct the jury that the burden was upon plaintiff to prove special benefits. It is charged that the opinion is therefore in conflict with Erickson v. Lundgren, 37 S. W. (2d) 629, and Denny v. Brown, 193 S. W. 552, Sallee v. Railway, 321 Mo. 798, 12 S. W. (2d) 476, and Dorman v. East St. Louis Railway Co., 335 Mo. 1082, 75 S. W. (2d) 859, which hold in effect that it is the duty of a party to request a more specific instruction if the opposing party's instructions on the burden of proof were not sufficiently definite.

We do not understand that the opinion holds that it was error for plaintiff to fail to instruct on this issue. The Court of Appeals was of the opinion, as heretofore stated, that Instruction No. 2 was misleading because it placed the burden of proving damages without also mentioning special benefits. Since that question has already been discussed too much in detail, it will not be reverted to again. There is no conflict with the cases cited.

■ Further conflict is assigned because the opinion states that a request to the court to permit the jury to view the premises should have been made out of the hearing of the jury. We are referred to no case in which the contrary has been held. The only case cited is St. Louis v. Worthington, 331 Mo. 182, 52 S. W. (2d) 1003, wherein we said (l. c. 1010):

"A view not being a matter of right, we think the proprieties and better practice require that the request to the court be made out of the hearing of the jury."

For the reason stated the record should be quashed and the cause remanded to the Kansas City Court of Appeals. It is so ordered. *Gantt, J.,* concurs in result; *Hays* and *Frank, JJ.,* concur.