## MARCH, 1938.

STATE OF MISSOURI EX REL. STATE HIGHWAY COMMISSION, RESPONDENT, v. EMMETT R. LINDLEY, ET AL., APPELLANTS.—113 S. W. (2d) 132.

Kansas City Court of Appeals. March 18, 1938.

*Louis V. Stigall, Fielding P. Stapleton* and *Hal B. Hunt* for respondent.

*Ernst & Williams* and *Randolph & Randolph* for appellant.

SPERRY, C.—This case was before us prior hereto and is reported in State ex rel. v. Lindley et al., 96 S. W. (2d), 1065. Respondent, State Highway Commission, removed the record of that case to the Supreme Court, by *certiorari* proceedings, and the Supreme Court

rendered its opinion wherein our record was quashed and the cause remanded for further proceedings here. [State ex rel. State Highway Commission v. Shain et al., 102 S. W. (2d) 666.] Pursuant to the mandate of the Supreme Court the cause was again docketed and was duly argued and submitted at our October, 1937, term.

We herewith set out the facts as stated in our former opinion, State ex rel. v. Lindley et al., supra, and adopt same in this opinion, to-wit:

"This is a condemnation proceeding in which plaintiff is appropriating about seven acres of land out of a farm of 160 acres belonging to the defendants Emmett R. Lindley and Margaret M. Lindley, appellants herein, lying in Gentry county, Missouri, for a state highway. The lands appropriated and the lands remaining unappropriated in the said tract of 160 acres are encumbered with a mortgage in favor of The Prudential Insurance Company of America, in which mortgage the Commerce Trust Company of Kansas City, Missouri, is named as trustee; and both The Prudential Insurance Company of America and the Commerce Trust Company of Kansas City are joining as defendants with the Lindleys; and one John M. Corley, a tenant on said lands, is also joined as a defendant.

"The petition was filed in the circuit court of Gentry County; and commissioners were appointed to assess damages, who made report assessing damages to defendants, to which report both the plaintiff and the defendants Emmett R. and Margaret M. Lindley filed exceptions. Upon the filing of the exceptions, the proceeding was transferred by change of venue to the circuit court of Atchison county, in the same circuit with Gentry county.

"Upon a trial upon said exceptions had in the circuit court of Atchison county before a jury, a verdict was returned for the plaintiff and against the defendants upon the issue of damages, for the lands appropriated for such purposes and to the lands of the defendants remaining unappropriated. The court in addition to the findings of the jury found that $4100 (the amount of the damages assessed in defendants' favor by the commissioners' report) had been paid into court by the plaintiff for the use of the defendants and thereupon entered judgment in favor of the plaintiff and against the defendants for the condemnation of the strips of land appropriated for the purposes of a state highway and, upon motion of plaintiff therefor, for $4100 (the amount found to have been paid into court for defendants' use) and for all costs accruing after the filing of the commissioners' report. There was no finding by the court that said sum had even been paid over to the defendants or appropriated by them. No evidence was heard by the court on plaintiff's motion for judgment for said sum of $4100; but the judgment was entered therefor merely upon the motion. After unsuccessful motions for new trial and in arrest of judgment, the defendants Em-

834

mett R. and Margaret M. Lindley appeal from the judgment of the court as rendered.

"It is to be gathered from the record that State Highway No. 169, which passes through King City in Gentry county, Missouri, and thence north with slight variations to the west to Stanberry, Missouri, is a relocation of what was formerly designated as State Highway No. 4, which State Highway No. 4 was paved with gravel and located so that, in passing north, it ran east of and parallel to the appellants' farm one-fourth of a mile therefrom for a distance of one-half mile, when it turned west and thence crossed the appellants' farm of 160 acres along a direct line, leaving 80 acres of said farm on either side. Upon reaching the west side of said farm, it turned north along the west side of the north 80 acres passing the improvements on the farm and thence to the town of Stanberry, about one and one-half miles north. The farm consists of two 80 acre tracts lying north and south so that it is one mile in length and one-fourth mile in width.

"The State Highway Department determined on the change of said highway as it was located and paved as above stated. The change determined upon was to turn the road northwest, beginning at a point one-fourth of a mile east and a like distance south of the southeast corner of the south 80 acre tract of appellants' farm and running thence through said south 80 acre tract, entering said tract at a point about 40 rods north of the southeast corner thereof and thence crossing the same in a northwesterly direction to the northwest corner thereof and thence running north along the old right of way (widened along the west side of the north 80 acres) the entire length of said 80 and thence to the north; to replace the old gravelled pavement with a new payment of concrete 20 feet wide with lip curb of the highest type of construction used by the State Highway Department for the entire distance; and, at a point where the road crossed the south 80, to construct a cattle pass, consisting of two large structures under the roadway built of thick concrete to permit the passage of cattle and other live stock under said road from one part of the farm to another. Five and one-half acres are taken for the right of way out of the south 80 acres and slightly in excess of an acre is taken along the west side of the north 80. In addition thereto, plaintiff (respondent herein) condemned a strip of land (fifty-five hundredths of an acre) extending each way from the cattle pass into appellants' farm for the purpose of straightening a creek bed so as to direct the water therein at right angles through the cattle pass.

"The south tract of 80 acres was split by the road passing diagonally through it in such a way as to make the cultivation of it inconvenient and as to isolate a tract of about 54 acres from the rest of the farm. There was evidence tending to show that cuts and fills of

from six to eight feet were made along the line of the new road so that it made it difficult to pass from the land on one side to that on the other. The appellants were required to build new fences on both sides of the right of way at a total cost of $355.00.

"There was evidence on respondent's part that the value of the land taken for the right of way and other purposes was $80 per acre; and there was evidence by various witnesses of the value of the entire tract of 160 acres before the right of way was appropriated and the road built, ranging from $70 to $90 per acre; and there was evidence by the same witnesses of the value of the 150 and some odd acres left after taking therefrom the right of way and building the road thereon, ranging from $50 to $60 per acre. There was evidence by a number of witnesses on the part of the respondent to the effect that the market value of the land remaining after the right of way was appropriated and the road built equalled, if it did not exceed, that of the entire tract prior to the time and at the time that the road was built.

"There was evidence tending to show that the appellants' entire tract of land was suitable for cultivation; that a great part thereof was kept in grass for the pasturing of stock; that it was well improved with fencing and kept in good condition for pasturing stock and for cultivation and general farming; and that it was improved with a dwelling house, barns, and other buildings, such improvements being located on the south part of the north 80 acre tract a short distance north of the old gravelled State Highway No. 4 which passed along the line between the two 80 acre tracts.

"There was evidence tending to show the existence of a valuable spring of water on the south 80 acres of said farm, somewhere near the line between the two eighties, serviceable for stock kept and pastured thereon. There was evidence upon the appellants' part tending to show that this spring was and had been for years relied upon for water for stock on the farm and that it was practically destroyed by the respondent in the improvements made by it in building the road and in straightening a small creek thereon.

"The appellants offered evidence tending to show in what particulars their farm was damaged by the construction of the road and other improvements across it and to show the disadvantages resulting to their entire tract of land therefrom. On the other hand, there was evidence by the respondent tending to show special benefits to appellants' farm and advantages peculiar to it resulting by reason of the construction of the road through it and its location on the concrete highway."

It is first urged that the judgment is against the weight of the evidence and reflects undue influence or passion and prejudice. The question of the *weight* of the evidence is one with which we as an appellate court, are not concerned. There is no claim made that

there was *no evidence*. There is nothing in the record to support a finding of passion and prejudice.

Complaint is made of the action of the trial court in rendering judgment against defendants below, appellants here, for the sum of $4100.00, the amount of damages awarded defendants by the commissioners' report. What we said in our former opinion regarding this assignment of error we still adhere to, and adopt herein, to-wit:

"It appears that this judgment was rendered upon a written motion therefor by the respondent, in which motion it was alleged that such sum of $4100 had been assessed as damages to the appellants' tract of land by the commissioners' report; that such sum had, upon the filing of the commissioners' report, been paid into court for the benefits of the defendants interested in said tract; and that a check for said sum had been handed to the defendants by the circuit clerk. No evidence was offered in support of said motion, nor was it shown that said sum had been paid to the appellants or any of the other defendants by the clerk of the court or other person or that they or any of them had ever received and appropriated such sum from any source. In the absence of any evidence showing that said money had been paid over to or taken down by the appellants or any of the defendants or appropriated by any of them, it was error to render judgment against appellants therefor. The motion did not prove itself. The respondent suggests that the court necessarily takes cognizance of such facts as are alleged therein. However, we do not so consider. It is true, doubtless, that the court might take judicial notice of what its records show; but there is no evidence in this case that its records show the payment into court of said sum of $4100 and the payment of such sum over to the appellants or other defendants as alleged in the motion. Neither is there any evidence of any personal knowledge by the court of the matters alleged in the motion. Neither does the court find that such sum was ever paid over to appellants or other defendants or appropriated by them or any of them. We have no doubt that the trial court has jurisdiction, where the compensation has been finally determined, to adjudge the rights of the parties under the entire proceedings and that, if the land owners have been paid more than the amount of the final judgment, they can be adjudged to refund the excess; but there should be a showing that they have been paid the amount of the assessment before a judgment should be rendered against them therefor. The statute does not require that the landowners take down the damages assessed by the commissioners, and it should not be assumed that they did take them down in the absence of any showing that they did." [State ex rel. v. Lindley et al., 96 S. W. (2d) 1065, l. c. 1068.] The above holding was reviewed by the Supreme Court and not criticised. [State ex rel. v. Shain et al., 102 S. W. (2d) 666, l. c. 668.] It would not be necessary to reverse and remand the case for a new trial on

its merits because of this error alone. The error could be corrected by the trial court by direction. [State ex rel. v. Shain et al., *supra,* l. c. 662.] Complaint is made that attorney for respondent requested, *in the presence of the jury,* that the jury be permitted to go out and view the land through which the road ran. The land was located in a different county than that in which the case was being tried. This was error. [State ex rel. v. Lindley, et al., supra, l. c. 1069; State ex rel. v. Shain, supra, l. c. 670.]

Error is assigned and urged because the court permitted introduction of evidence over timely objection by appellant, that appellant Lindley owned another farm thru which this road ran, and that he had solicited other landowners to give the right of way for the road, telling them of its benefits to their land and that he gave right of way therefor thru such other farm. Such evidence, under the circumstances, shown in this case, was proper for reasons stated in State ex rel. v. Shain et al., supra, l. c. 668.

Witness Frank Morris, testifying for respondent, was permitted, over the timely objection of appellant to state in evidence his opinion that the value of the land after the taking was as great as it was prior thereto. The Supreme Court said, State ex rel. v. Shain, *supra,* l. c. 668, that our previous opinion in this connection was not in conflict with any principle of law announced by that court, but intimated, without so holding, that an expert witness might properly be permitted to state the ultimate facts in the form of a conclusion. The last mentioned principle has often been applied in the case of expert witnesses when testifying as to facts peculiarly within their knowledge.

Such evidence has been held to be no invasion of the province of the jury. Here the witness, as to this point as least, was, presumably testifying as an expert on land values in that community. Whether or not he showed himself to be qualified in such capacity is not before us because the evidence was not challenged on account of his lack of qualification. If one expert witness may be permitted to give his opinion as to an ultimate fact, such as this, we see no reason why another should not be permitted to do the same. But we think the better practice is that urged by appellant in this kind of case where the evidence given is not based on hypothesized facts, assumed to be true, and where the evidence, as here is being given by a neighbor with no expert knowledge of real estate sales values. In the form the question was asked the evidence elicited could be of little value to the jury in arriving at a proper conclusion on the point under inquiry.

The evidence of the same witness relative to his voluntary gift of land for right of way on the same road, said land being located at a different point on the road than that of appellant's land, and it having been shown that he owned only a life interest therein, was

erroneously permitted. However, appellants may not complain of the error because they laid the foundation therefor and invited it by cross examination.

Evidence of the assessor as to value of appellant's land was proper under the circumstances here shown, as tending to impeach the evidence of appellant Lindley.

Instructions 1, 2, 3, 4, 5, 6 and 7, given for respondent, are criticised. These instructions are as follows:

"Instruction No. 1. You are instructed that if you find and believe from the evidence that there are special benefits (as defined by other instructions), given to defendant's land not taken for right-of-way, and that these special benefits, if any, result in an increase in the market value of the land not taken for right-of-way to such an extent that this increase in market value, if any, equals or exceeds the defendant's damages, if any, then your verdict must be for the plaintiff.

"Instruction No. 11. The court instructs the jury that in this case the burden of proving damages rests upon the defendants. Unless damages such as those defined in other instructions have been proved by a preponderance or greater weight of the credible evidence none should be considered.

"Instruction No. 111. The court instructs you that the just compensation, if any, to which defendants may be entitled for any taking or damaging of their property for public use in the construction of Highway 169 may be received either in the form of money or in the form of special benefits, or part in the form of money and part in the form of special benefits.

"If you find and believe from the evidence that the defendants' property, described in evidence, will receive any benefits from the construction by the plaintiff of said highway, as described in evidence, because of said property's position abutting directly and immediately upon the highway, and which is not common generally to property in that community; then such benefits, if any, are full and just compensation or payment for an equal amount, if any, of property taken, or damage, if any, to property not taken. Therefore, if you believe the defendants have received any such benefits you should not give them any additional or further compensation or return a verdict for them unless you find their damages, if any, exceed such benefits, if any.

"Instruction No. IV. The court instructs the jury that the market value of the property means its actual value, that is, the fair value of the property as between one who wants to and is able to purchase and one who wants to sell it; not what could be obtained for it in peculiar circumstances when greater than its fair value could be obtained; not its speculative values; not the value obtained through the necessities of another; and not its sentimental value to the de-

fendant; nor, on the other hand, is it to be limited to that price which the property would bring when forced off at auction under the hammer. The question is, if the defendant wanted to sell its property what could be obtained for it upon the market from parties who wanted to buy and would and were able to give its full value, or what price could be obtained for it on the usual or ordinary terms of private sale.

"Instruction No. V. The court instructs the jury that the burden of proof is upon the defendants to prove their case by a preponderance of the evidence.

"By the expressions 'burden of proof,' and 'preponderance of the evidence,' the court does not mean the greater number of witnesses who testified on either side in the case, but does mean the greater weight of the credible testimony.

"In this connection the court further instructs you, that the jury is the sole judge of the credibility of the witnesses, and of the weight and value to be given to their testimony.

"If you find and believe from the evidence, that any witness has wilfully sworn falsely to any material fact in issue in the case, you are at liberty to disregard and treat as untrue, the whole, or any part, of such witness' testimony.

"Instruction No. VI. The jury are instructed that they are the sole judges of the weight of the evidence and of the credibility of the witnesses, and the jury may give to the testimony of each witness such weight as they deem that it is entitled to under the facts and circumstances in evidence, and in determining what weight they will give to the testimony and opinion of any witness or witnesses the jury are not confined alone to the statement or statements of the witnesses, but the jury may take into consideration their own experience and observation in the common affairs of life.

"Instruction No. VII. You are instructed that the term 'special benefits,' as used in these instructions, means any benefits causing an increase in the market value of a tract of land by reason of its position directly on an improved highway and which benefits are not enjoyed generally by other tracts of land in the neighborhood; and such benefits are special and not general although conferred, if you so find, upon all the other tracts of land situated on the improved highway."

With respect to instructions 1, 3, 4, 6 and 7 we adopt as a part of our opinion in this case what was said by Judge REYNOLDS in State ex rel. v. Lindley et al., supra, as follows:

"The complaint made of instruction No. 1 is that it did not advise the jury in what manner benefits could be given, whether by the building of the road or by something else that might occur, and that it mentioned special benefits (as defined in other instructions) when no correct definition is found given in any other instructions.

"Instruction No. 1 is to be read in connection with all of the other instructions given. When so read, the manner in which benefits could be given, whether by the building of the road or by something else that might occur, clearly appears. Instruction No. 3 fairly submitted the question of special benefits, if any, to appellants' farm by reason of the construction of the highway and the position of such farm abutting immediately thereon—that is, such benefits as were not common generally to property in that community. While the word 'neighborhood' would doubtless have been a better word than the word 'community,' yet the two words, in the connection used, convey practically the same idea.

"Special benefits are properly defined by instruction No. 7 given for the respondent. [State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S. W. (2d) 338; State ex rel. State Highway Commission v. Stoddard Gin Co. (Mo. App.), 62 S. W. (2d) 940.]

". . . We find no valid objection to respondent's instruction No. 3. It seems to announced the law as repeatedly declared by the appellate courts. [State ex rel. State Highway Commission of Missouri v. Hartman, 226 Mo. App. 604, 44 S. W. (2d) 169; State ex rel. State Highway Commission v. Stoddard Gin Co., supra; Jackson County v. Waldo, 85 Mo. 637.]

"We fail to find any objection to respondent's instruction No. 4. This instruction, in practically the same form, was approved by the Springfield Court of Appeals in the recent case of State ex rel. State Highway Commission v. Stoddard Gin Co., supra. Besides, appellants asked and obtained practically the same instruction.

"We do not think that respondent's instruction No. 6 is open to the objection leveled against it by appellants. Of course, if it is to be construed according to the contention of the appellants, it is erroneous; but we do not think that it is open to such construction. An instruction in practically the same words was approved by the Springfield Court of Appeals in the recent case of State ex rel. State Highway Commission v. Stoddard Gin Co., supra.

"The appellants contend further that such instruction No. 6 has no place in the case for the reason that there is no basis in the evidence to justify the court in giving it and that the only conflict in the evidence is that found in the opinion evidence given by witnesses with reference to the value of the land and that, where such is the case, such instruction is improper; and appellants cite the case of Kansas City v. Boruff, 295 Mo. 28, l. c. 47, 243 S. W. 167, in support of their contention. In that case, the conflict in the evidence was one wholly between expert witnesses on either side of the case, giving opinions as to the value of the land involved in the action in said case. There does not appear to have been any conflict in the direct evidence of different witnesses upon material facts in issue in that case. The court there held that there was no place in the case for

such an instruction and that the expert witnesses were not testifying as to facts but were only giving their opinions as experts. However, in the case at bar, there is a conflict in the evidence of various witnesses as to the material facts in issue, which were not mere matters of opinion—for instance, as to the existence or destruction of a spring of water, as to the character of the soil, as to the efficiency of the cattle pass, and as to whether the north 80 depended for water on the south 80, and the like. Where such is the case—that is, where there is a conflict in the evidence of the witnesses as to material facts—, it is within the discretion of the trial court to give such an instruction. [State v. Barnes, 274 Mo. 625, l. c. 631, 204 S. W. 267, and cases therein cited.]''

Instruction number 2 in this case is identical with instruction number 12 in State v. Baumhoff, 93 S. W. (2d), 104 l. c. 108. The St. Louis Court of Appeals approved said instruction. The Supreme Court, State ex rel. v. Shain, *supra,* l. c. 669 and 670, discussed the former opinion of this court in this case, and that of the St. Louis Court, regarding this instruction and declared the two courts to be in conflict. The Supreme Court also said that, in its judgment the instruction is not open to the criticism levelled at it. Therefore, the Supreme Court having indicated approval of the instruction, and of the decision of the St. Louis Court of Appeals, we accordingly hold the instruction good, when considered and read as it must be, with all other instructions in the case.

With respect to instruction No. 5 we adopt as a part of this opinion the language of Judge REYNOLDS in State ex rel. Lindley et al., *supra, l. c.* 1073, as follows:

''. . . such instruction No. 5 assumes that the cause in suit is that of the appellants when, in fact, it is respondent's cause wherein the respondent seeks to condemn appellant's land for right of way and to compensate appellants for the land taken and such damages, if any, as may accrue to their lands not taken in excess of special benefits, by reason of the construction of the road and its location thereon; and the burden of proof throughout rests upon the respondent. [Spencer v. Barlow, 319 Mo. 835, 5 S. W. (2d) 28.] It is true that the burden is upon appellants to show by the evidence damages in excess of such benefits; but the burden is upon the respondent to show by evidence the special benefits with which it seeks to offset appellants' damages. The instruction as worded is unfair to the appellants; is misleading under all of the facts in the record; and is calculated to lead the jury to believe that the burden is on appellants not only to show the damages sustained by them but also to make the showing as to the special benefits accruing. Such instruction should, upon a retrial, if given, be modified so as to conform to the requirements above noted set forth by Judge BLAND in the Malone case.''

There being no further assigned errors carried forward in appellants' points and argument, what we have said disposes of all of the issues presented to us.

Because of the errors above noted the judgment is reversed and the cause is remanded for new trial. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. Judgment is reversed and the cause is remanded. All concur.