**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Respondent,**

v.

**Robert M. DRISKO and Mary Elizabeth Drisko, Appellants.**

No. KCD 27087.

Missouri Court of Appeals, Kansas City District.

May 3, 1976.

Motion for Rehearing and/or Transfer Denied June 1, 1976.

Application to Transfer Denied July 12, 1976.

David R. Clevenger, Platte City, Dick H. Woods, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel, for appellants.

Bruce A. Ring, Chief Counsel, Jefferson City, Earl H. Schrader, Jr., John M. Cave II, Asst. Counsel, Missouri State Highway Commission, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The plaintiff State Highway Commission condemned 13.53 acres of a 126.176 acre tract in Platte County owned by the defendants Drisko. The land lies on the west side of I–29 about one and one-half miles south of the entrance to the Kansas City International Airport. The Tiffany Springs Parkway interchange with I–29 now occupies that site. Also taken in condemnation were the rights of defendants to direct access between the interstate highway and the interchange, except for access made available to an outer road constructed by the Commission along the Drisko frontage. The land was taken on April 18, 1968, and was zoned for a planned industrial park. The jury returned damages of $67,650 and the defendants have appealed.

The opening statement of counsel for the Commission remarked:

It will be the state's evidence that after Interstate Highway 29 has been applied, all of the right-of-way was owned and the plans drawn and filed and that being the condition, that after that time the State Highway Department and at the request of the City and at the request of Doctor Drisko came along and put in an interchange at this point, taking as we said thirteen and a half acres to do so.

At the conclusion of this presentation, and after the court was adjourned for mid-day recess, the defendants made objection to these remarks and moved dismissal of the jury on the ground that the interchange was not placed at the request of the Driskos, and that the issue was in any event irrelevant to the proceedings. In the colloquy which ensued, counsel made their positions to the court: It was the contention of the Commission that the proposed proof— that the interchange was located as requested by the Driskos and connected with the limited access road to their property— conferred a special benefit upon that land and was proper evidence on damages. The defendants contend there was neither proof of such a request nor would such be evidence of a special benefit.

The trial court refused the motion to discharge the jury, but disallowed further reference to the matter in the absence of proof that the Commission and the Driskos had agreed to the placement of the interchange.

The trial commenced, and in the course, the Commission offered to prove by District Engineer Satterlee that to promote the development of Tiffany Springs the City of Kansas City had agreed [in September of 1966] with the Commission to pay the entire cost of a full diamond interchange on I-29 on condition that the State condemn the land and construct the improvement; that the original plans for I-29 were changed [in January of 1967] to include the interchange, and that the right of way for the Tiffany Springs Parkway—which passed through the Drisko land and connected with the interchange—was conveyed [in December of 1970] by deed of gift to the City by the defendants. This evidence, the Commission contended to the trial court, allowed the inference that the Driskos sought for the location of the interchange on their property and was for the jury. The defendants argued that the Satterlee evidence was not probative of such a request by them and, if allowed to the jury, would only raise the false inference that the defendants considered the placement a benefit to their remaining property.

The offer of proof was denied by the court.

On this appeal the defendants contend that although the evidence of request was not received, the opening statement which made reference to a proposed proof the court later excluded left the jury with the impression that the defendants expected substantial benefits to their remaining property from the location of the interchange. It was a false issue, they say, which could only be dispelled by a mistrial, and now by the order of a new trial.

■ The rule obtains, as the parties agree, that where the active conduct of a landowner secures the location of a public roadway through his property, an inference arises that he expected substantial benefits to accrue to his remaining property. *State ex rel. State Highway Commission v. Shain*, 340 Mo. 802, 102 S.W.2d 666, 669[3, 4] (1937). We need not determine whether, as a matter of law, the evidence of the contracts between the Commission and City

concerning the highway improvements in Tiffany Springs, the construction of the interchange to link with the access road installed by the Commission along the Drisko frontage, and the conveyance by gift from the defendants to the City are probative of a request by the Driskos for the placement of the interchange. We have concluded, rather, that the trial court did not commit prejudicial error by the refusal to grant a mistrial.

■ The power to grant or withhold a mistrial is committed to the sound discretion of the trial court. It is an exercise which will not be disturbed on appeal unless clearly abused. *Golian v. Stanley*, 334 S.W.2d 88, 91[1–3] (Mo.1960). The improper remarks of counsel on opening statement, without more, may result in such prejudice as to warrant the grant of a new trial, as when reference is made to evidence extraneous to the issue [*Underwood v. City of Caruthersville*, 184 S.W. 486, 488[1–3] (Mo.App.1916)] or when counsel proposes proof he knows is not available to him. *Cade v. Atchison, T. & S. F. Ry. Co.*, 364 Mo. 620, 265 S.W.2d 366, 370[10, 11] (banc 1954). Neither contingency appears here; the proof predicted in the opening statement was of plausible relevancy on damages. A party who seeks to correct the misconduct of counsel during trial, however, owes the court the opportunity to give relief by a request for instant action and ruling. *Minor v. Lillard*, 306 S.W.2d 541, 548[12, 13] (Mo.1957). An objection which is deferred until the end of the opening statement comes too late and waives the prejudicial effect of the misconduct. *Critcher v. Rudy Fick, Inc.*, 315 S.W.2d 421, 427[6, 7] (Mo.1958); *State v. Robb*, 439 S.W.2d 510, 514[6–8] (Mo.1969).

■ In this case the trial court, with justified vexation, denied the mistrial motion as too tardy an objection. The defendants sought no other remedy although the court expressed inclination to instruct the jury to disregard the remarks. It is reasonable to conclude from the comment of the court and the trial and post-trial rulings on the motion that the prejudicial effect of the

remarks was not so grievous as to deprive the defendants of a fair trial. The trial conduct of the court was a justifiable exercise of discretion. The claim of error is denied.

The defendants next contend they were prejudiced by certain evidence of comparable sales which, they say, were transacted under market conditions significantly different from those which prevailed when their property was taken in condemnation, and thus not relevant to prove their damage. The Drisko land was taken in April of 1968. In December of 1966, the electorate approved a $150,000,000 bond issue for the development of facilities at the Kansas City International Airport. There was an immediate surge of interest in the lands north of the airport and on the west side of [what is now] I–29, and a concomitant inflation in their value. An expert for the defendants calculated that during the three years after the bond issue, land values in the environs of the airport increased an average of 141.6 percent per year, as compared with an average increase throughout the state of 12 percent per year. The defendant contended to the trial court that the passage of the airport bonds so affected the market conditions of land as to deprive evidence of sales before that event of any relevancy on the proof of the value of the land taken. The court rejected this contention and allowed in evidence three sales of land transacted in 1966 to prove the value of the property taken in condemnation—among them, the price paid by the defendants in April of 1966 for 94 acres of land which adjoined the tract taken.

■ It is the general rule that evidence of the sale price of property similarly located to that taken in condemnation, and made in the neighborhood reasonably proximate to the time of taking, is admissible to aid the triers of fact in the determination of compensation to which the owner is entitled for the property taken. *In re Armory Site in Kansas City,* 282 S.W.2d 464, 473[22–25] (Mo.1955). The determination by the trial judge that a sale meets these criteria, and therefore is relevant on the issue of the value of the property taken, is an exercise of discretion which will not be disturbed unless clearly abused. *City of St. Louis v. Buselaki,* 336 Mo. 693, 80 S.W.2d 853, 857[6] (banc 1935). The determinative consideration in admissibility of comparable sales as proof of value, however, is not the lapse of time between the transactions and the appropriation, nor the relative positions of the properties, nor their physical congruity, but whether the market conditions have changed. *State of Missouri ex rel. State Highway Comm'n v. Henderson,* 381 S.W.2d 10, 12[3] (Mo.App.1964). Where the evidence shows a marked change in the conditions of the market since the sale of the comparable property, that sale price loses relevancy to determine the value of the property taken and should be excluded from evidence. *State ex rel. State Highway Commission v. Rauscher Chevrolet Company,* 291 S.W.2d 89, 92[3–6] (Mo.1956).

The defendants object that the airport bond issue so stimulated land sales and values that the prices paid for land prior to December of 1966 reflect significantly different market conditions, are not relevant to prove the value of the land taken, and should have been excluded by the trial court.

■ The flaw in this contention is simply that the Commission did not offer the bare sales price of the 1966 land transactions to prove value, but by expert testimony adjusted the sale price of each tract to reflect the upsurge in market conditions since the sales but before the appropriation. Thus the value of the Ross property on Northwest 104th Street which sold for $1000 per acre in June of 1966 was adjusted by the expert, not only on factors of zoning and proximity but also market advance, to establish a value of $4000 per acre for April of 1968, the date of taking. The price of each of the other two land sales transacted in April of 1966 and received by the court as comparable sales, was adjusted to market conditions by the same method.

This evidence was probative of the worth of these tracts at the time of the appropria-

tion and was relevant to prove the value of the Drisko land at the time it was taken.

The judgment is affirmed.

All concur.